IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MILLER<br>3655 Meander Reserve Circle<br>Canfield, Ohio 44406 | ) <br> ) <br> ) <br> ) | CASE NO.:<br><br>JUDGE: |
| Plaintiff, | ) <br> ) <br> ) | COMPLAINT FOR DAMAGES AND<br>INJUNCTIVE RELIEF |
| vs. | ) <br> ) | (JURY DEMAND ENDORSED HEREIN) |
| NORTHEAST OHIO NEIGHBORHOOD<br>HEALTH SERVICES, INC.<br>c/o Willie F. Austin<br>4800 Payne Avenue<br>Cleveland, Ohio 44103 | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| -and- | ) <br> ) | |
| ANGIENISE DRAKE<br>c/o Northeast Ohio Neighborhood<br>Health Services, Inc.<br>15201 Euclid Avenue<br>East Cleveland, Ohio 44112 | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

Plaintiff Christopher Miller, by and through the undersigned, as his Complaint against Defendants, states and avers the following:

INTRODUCTORY STATEMENT

1. Plaintiff Christopher Miller honorably served in the United States Marine Corps and was severely injured twice in service to this nation. In March of 1994, Miller was stabbed in the back during a riot, while serving in Haiti. In August of the same year, Miller suffered a traumatic brain injury and additional back injuries, when he and two other Marines fell from a cliff during a training exercise. Miller was subsequently hospitalized for the better part of the next two and a half years.

In 1999, Miller was granted a military medical retirement. Miller's service-related injuries have left him with: no use of his left leg below the knee; nerve damage to his bladder; Post Traumatic Stress Disorder; a completely fused back and synthetic vertebrae; and chronic pain that is managed with a transcutaneous electrical nerve stimulation unit. As a result of Miller's service-related injuries, he is permanently disabled and the United States Department of Veterans Affairs has qualified him for Individual Unemployability benefits, which means that he has been assessed by the VA as unable to maintain substantially gainful employment. To cope with the limitations that his disabilities place on his daily activities, Miller relies on his service dog, Zulu. Zulu helps Miller with mobility issues, physical stability issues, retrieving, and mitigation of the effects of PTSD. In order to participate in a VA grant program that helps disabled veterans afford modification of their living environments, Miller was required to undergo a disability examination at Defendant Northeast Ohio Neighborhood Health Services, Inc. ("NEON)". NEON and Defendant Angienise Drake refused Miller service because, according to Drake, Drake was afraid of and/or allergic to dogs. NEON and Drake's refusal of service was unlawful disability discrimination and Miller brings this suit to enjoin NEON and Drake from further unlawful acts.

## PARTIES, VENUE, & JURISDICTION

2. Miller is a resident of the city of Canfield, the county of Mahoning, and the state of Ohio.

3. NEON is a Federally Qualified Health Center that operates clinics throughout the Cleveland metropolitan area, including one at 15201 Euclid Avenue, East

Cleveland, Ohio 44112.

4. NEON is a recipient of federal financial assistance, including Medicare and Medicaid reimbursements and, as such, is subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

5. NEON's East Cleveland facility is a public accommodation, pursuant to 42 U.S.C. § 12181.

6. Angienise Drake is a nurse practitioner employed by NEON at its East Cleveland facility.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that Miller is alleging violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. and Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, et seq.

8. This Court has supplemental jurisdiction over Miller's state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district and division within which a substantial part of the events giving rise to this Complaint occurred.

ALLEGATIONS

10. As a result of the injuries and physical conditions described above, Miller is disabled for the purposes of 42 U.S.C. § 12102 and Ohio Rev. Code § 4112.

11. As a result of his disabilities, Miller uses a service dog, Zulu, for help with mobility needs, physical stability issues, management of PTSD symptoms, and for assistance in retrieving objects.

12. On or about March 13, 2020, the VA, through a third-party provider, scheduled an appointment for Miller to be assessed by NEON for participation in the Specially Adapted Housing ("SAH") grant program.

13. SAH grants are offered through the VA to help veterans and service members with certain service-connected disabilities purchase or remodel homes to meet their needs and live more independently.

14. On or about March 24, 2020, Miller attended his scheduled appointment at NEON's East Cleveland facility.

15. For his March 24, 2020 appointment, Miller was accompanied by Zulu.

16. Upon arrival at NEON's East Cleveland facility, NEON personnel completed an intake, including a temperature check and a pre-screening.

17. After completion of the temperature check and pre-screening, NEON personnel escorted Miller and Zulu into an examination room.

18. Upon entering the examination room, Angienise Drake exclaimed that she was "scared to death of dogs" and was unwilling to perform Miller's examination.

19. After Ms. Drake exited the examination room, Miller overheard Drake explain to another NEON employee that she was terrified of dogs.

20. Miller subsequently overheard Ms. Drake tell a NEON employee that Drake was asthmatic and allergic to dogs.

21. Shortly after Ms. Drake exited the exam room, a NEON employee entered and informed Miller that he could not be examined unless he took Zulu outside and put her in his vehicle.

22. Despite Miller's explanation to NEON staff that Zulu had over 30,000 hours of

service and that Zulu's presence was necessary, NEON refused to provide Miller service as long as Zulu was present.

23. In refusing to examine Miller as long as Zulu was present, NEON denied Miller full an equal treatment because of his disability, in contravention of 42 U.S.C. § 12182 and Ohio Rev. Code § 4112.02.

24. At present, Miller is still in the process of having his SAH grant approved, still requires a disability assessment related to that grant, and will likely need to be examined by NEON.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE AMERICANS WITH DISABILITES ACT AND OHIO REV. CODE § 4112
### (Against NEON)

25. Miller incorporates by reference the allegations of each prior paragraph.

26. As alleged, Miller has serious medical conditions that significantly limit his ability to perform major life activities, including, but not limited, his ability to work in any capacity, his ability to balance on his feet, and his ability to ambulate.

27. Miller will likely need to return to NEON in the near future and will be harmed if NEON continues its discriminatory policies and procedures.

28. NEON violated Title III of the ADA and Ohio Rev. Code § 4112 in refusing Miller service because of his disabilities, and in refusing to maintain policies and procedures ensuring compliance with the aforementioned statutes.

29. NEON violated Title III of the ADA and Ohio Rev. Code § 4112 in refusing Miller the reasonable accommodation of a service dog.

30. NEON had knowledge of its obligations under Title III and § 4112 and was deliberately indifferent to these obligations and the rights of Miller.

31. NEON knew that Miller would be harmed by its unlawful acts.

32. As a direct and proximate result of NEONS' unlawful acts, Miller suffered and will continue to suffer damages.

COUNT II: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 701, et seq.
(Against NEON)

33. Miller incorporates by reference the allegations from the preceding paragraphs, as if fully realleged herein.

34. Miller is considered to be an individual with a disability under Section 504 of the Rehabilitation Act, as amended.

35. NEON is a recipient of federal financial assistance by virtue of receipt of Medicare and Medicaid payments, as well as other financial assistance.

36. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to be otherwise discriminated against.

37. NEON personnel had actual knowledge of Miller's disabilities, yet denied Miller service and the reasonable accommodation of use of a service dog.

38. NEON discriminated against Miller in the equal use of its facilities, and as a result, Miller experienced mental anguish and humiliation in violation of his civil rights.

39. NEON failed to provide services to Miller that it would have provided a similarly situated non-disabled patient.

40. NEON's policies, practices, and procedures, particularly the actions and omissions described above, violated Miller's rights under Section 504 of the Rehabilitation Act by discriminating on the basis of a disability.

41. As a direct and proximate result of NEONS' unlawful acts, Miller suffered and will continue to suffer damages.

42. NEON's actions were intentional, with reckless disregard, and with deliberate indifference to the rights and needs of Miller.

COUNT III: AIDING AND ABETTING UNLAWFUL DISCRIMINATION
(Against Drake)

43. Miller incorporates by reference the allegations from the preceding paragraphs, as if fully realleged herein.

44. As alleged, NEON engaged in acts declared unlawful by Ohio Rev. Code § 4112.02.

45. In refusing Miller service, Drake aided and abetted the unlawful acts of NEON, in contravention of Ohio Rev. Code § 4112.02(J).

46. As a result of Drake's unlawful acts, Miller suffered and will continue to suffer damages.

PRAYER FOR RELIEF

WHEREFORE, Miller respectfully prays that this Court grant the following relief against Defendants, including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that NEON's practices, policies, and procedures have subjected Miller to discrimination in violation of Section 504 of the Rehabilitation Act and Title III of the Americans with Disabilities Act, and permanently enjoin NEON from any practice, policy, and/or procedure which will deny Miller equal access to and benefit from NEON's services.

This includes entering a permanent injunction ordering the NEON:

a To immediately begin allowing Miller service with his service dog so that he

can receive adequate healthcare, including disability assessments, and for any other medical issues;

b. To cease discrimination against Miller and all other similarly situated disabled patients and/or clients;

c. To promulgate and comply with policies and procedures to ensure that the NEON and their staff do not discriminate against Miller and all other similarly situated disabled patients and/or clients;

d. To promulgate and comply with procedures to ensure that the NEON will notify disabled individuals who require use of a service animal that they have the right to such use at NEON facilities.

Miller additionally respectfully prays this Court grant:

e. An award reasonable costs and attorneys' fees; and

f. An award of any and all other relief that may be necessary and appropriate.

Respectfully submitted,

s/ Peter C. Mapley
Peter C. Mapley (0092359)
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, # 370
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
mapley@swmlawfirm.com
sobel@swmlawfirm.com

Attorneys for Plaintiff

JURY DEMAND

Plaintiff Christopher Miller demands a trial by jury by the maximum number of jurors permitted.

s/ Peter C. Mapley
Peter C. Mapley (0092359)